UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

AUCTIONZ, LLC,

    **Plaintiff,**

**v.**                                                                    Case No: 5:25-cv-386-JSM-PRL

KAIROS WHOLESALE, LLC,
MARKET STREET LIQUIDATION,
LLC, SD ENTERPRISES, LLC,
OLIVIA'S HEARTLAND, LLC, UAP
RECYCLING, MICHAEL KLEMM,
and KELLY KLEMM,

    **Defendants.**

_____

**ORDER**

This cause, upon referral, comes before the Court on Plaintiff's Motion for Protective Order filed on April 7, 2026. (Doc. 34). Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff moves for a protective order to limit the scope of Defendants' deposition of non-party, Lauren Albanese, set for April 8, 2026, contending that good cause exists to prevent Defendants' counsel from deposing Ms. Albanese about her personal relationships (namely, her romantic and sexual history) because such lines of questioning would serve to "harass, embarrass, and abuse" her. (Doc. 34 at pp. 1-2, 5, 7; *see* Doc. 34-1 at pp. 2-3).[1] In support of its motion, Plaintiff states that "[a]t a prior deposition and without prior notice to [Plaintiff's

---

[1] Although Defendants have not filed a response to Plaintiff's Motion for Protective Order to date, as the deadline to file a response has not yet expired, *see* M.D. Fla. Local Rule 3.01(d), Plaintiff asserts that Defendants "purport to elicit testimony related to Ms. Albanese's relationship as it relates to [her] credibility," or in other words, Defendants, as Plaintiff claims, "justify inquiring into Ms. Albanese's romantic relationships to evaluate her credibility as a witness." (*See* Doc. 34 at pp. 5-6; *see also* Doc. 34-2).

counsel], Defendants asked a non-party deponent irrelevant questions about her sexual history in an attempt to harass and embarrass the deponent." (Doc. 34 at p. 2; *see* Doc. 34-2). Following that deposition, Plaintiff indicates that on April 6, 2026, Plaintiff's counsel "reiterated to Defendants[' counsel via email] that such questions lacked relevance and served only to embarrass, abuse, and invade the non-party deponent's privacy—and noting that Defendant[s] must not repeat this conduct at Ms. Albanese's deposition." (Doc. 34 at p. 2; *see* Doc. 34-2).

Plaintiff filed its Motion for Protective Order on April 7, 2026—almost two weeks after Defendants noticed Ms. Albanese's deposition on March 25, 2026, and only one day before Ms. Albanese's scheduled deposition was set to occur on April 8, 2026. (*See* Doc. 34 at p. 2; Doc. 34-1). Notably, Plaintiff did not style its Motion for Protective Order as an "emergency" or "time-sensitive" as contemplated by Local Rule 3.01(f), nor did it comply with the Court's Administrative Procedures for Electronic Filing (Nov. 18, 2025), which provides that "[a]n E-filer must notify the appropriate divisional Clerk's Office when filing an emergency or time-sensitive motion." In short, Plaintiff's Motion for Protective Order failed to identify that it required the Court's prompt attention.

Nevertheless, given that Ms. Albanese's deposition was scheduled for April 8, 2026, it is unclear whether the deposition has already occurred and what lines of questioning, if any, were asked of Ms. Albanese's romantic and sexual history. The parties have made no effort to keep the Court apprised of the current circumstances surrounding Ms. Albanese's deposition.

Accordingly, counsel for Plaintiff and Defendants shall file a joint written notice on or before **April 23, 2026**, advising the Court whether the deposition of Ms. Albanese scheduled

for April 8, 2026 has already occurred or has been postponed. If the parties have decided to reschedule the deposition to a later date, Plaintiff's counsel is directed to confer with Defendants' counsel in a good-faith effort to resolve the issues in Plaintiff's Motion for Protective Order (Doc. 34). If issues remain in dispute, Plaintiff's counsel should confer with Defendants' counsel in person or via telephone and specifically discuss every area of inquiry that remains in dispute. The parties shall then file a joint written notice on or before **May 5, 2026**,[2] advising the Court whether and to what extent Plaintiff's Motion for Protective Order requires resolution by the Court.

The parties are reminded that they should meaningfully comply with the good-faith conferral requirement under Local Rule 3.01(g). Local Rule 3.01(g) provides that before filing any motion in a civil case, subject to certain exceptions that are not applicable here, the movant must confer with the opposing party in a *good-faith effort* to resolve the motion. *See* M.D. Fla. Local Rule 3.01(g) (emphasis added); Middle District Discovery (Feb. 1, 2021) at Section I.A.2 (noting that Local Rule 3.01(g) is strictly enforced, and defining "confer" as described in Local Rule 3.01(g), as a "substantive discussion," in which "[m]any potential discovery disputes are resolved []or the differences narrowed or clarified[] when counsel confer in good faith); *Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) (construing "confer" in Local Rule 3.01(g) to mean "speak[ing] to each other in person or by telephone, in a good faith attempt to resolve disputed issues"). The purpose of Local Rule 3.01(g) is to "require the parties to communicate and resolve certain

---

[2] If the parties have rescheduled the deposition to an agreeable date before May 5, 2026, the parties should so advise the Court of this information in their joint written notice that is due by April 23, 2026.

types of disputes without court intervention." *See Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996). The Court expects counsel to comply with both the letter and spirit of Local Rule 3.01(g).

The parties are also reminded that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the Court are justifiably proud of the courteous practice that is traditional in the Middle District." *See* Middle District Discovery at Section I.A.1. Indeed, cooperation, courtesy, civility—these ideals should be strived for by all parties, including the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil does not mean that the parties cannot be adversarial, or that attorneys cannot be anything less than zealous advocates. The parties are encouraged to consider these principles discussed in this Order, should they attempt to resolve the issues raised in Plaintiff's Motion for Protective Order.

**DONE** and **ORDERED** in Ocala, Florida on April 14, 2026.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 4 -